Huang v. Garland

BIA
A077 998 197

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty-one.

PRESENT:
>    ROSEMARY S. POOLER,
>    RAYMOND J. LOHIER, JR.,
>    SUSAN L. CARNEY,
>        *Circuit Judges.*

_____

HON SONG HUANG, AKA HANG SONG HUANG,
>    *Petitioner*,

>    v.                                        20-299
>                                              NAC

MERRICK B. GARLAND, ACTING UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*[1]

_____

FOR PETITIONER:            Thomas V. Massucci, Esq., New York, NY.

FOR RESPONDENT:            John S. Hogan, Assistant Director; Deitz P. Lefort, Trial Attorney, Office of Immigration

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hon Song Huang, a native and citizen of the People's Republic of China, seeks review of the BIA's denial of his motion to reopen. *In re Hon Song Huang,* No. A077 998 197 (B.I.A. Jan. 21, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). The BIA may deny a motion to reopen if "the movant has not established a prima facie case for the underlying substantive relief sought." *INS v. Abudu*, 485 U.S. 94, 104 (1988). The BIA did not abuse its discretion in denying Huang's motion to reopen because he failed to establish his prima facie eligibility for cancellation of removal. *See id.*

Huang failed to allege that his removal would cause his

U.S. citizen wife or children any specific hardship, much less the "exceptional and extremely unusual hardship" that is required for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D); *see also In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (requiring applicant to show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country" (internal quotation marks omitted)). Because the agency's hardship finding is dispositive of his petition, we do not reach Huang's argument that his notice to appear was ineffective to stop his accrual of physical presence. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. Huang's pending motion for a stay of removal is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3